UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN J. O'BRIEN,<br><br>Plaintiff<br><br>v.<br><br>R. PETER ANDERSON and the TRIAL COURT OF MASSACHUSETTS,<br><br>Defendants | FILED<br>CLERK'S OFFICE<br><br>2004 JUN 16  A 11: 41<br><br>U.S. DISTRICT COURT<br>DISTRICT OF MASS.<br><br>Civil Action File No.<br>COMPLAINT<br>03-11356 GAO<br><br>MAGISTRATE JUDGE _____ |

## JURISDICTION

This is a claim for damages arising under Title 42, United States Code, Section 1983, all as more fully set forth below.

This court has jurisdiction by reason of Title 28, United States Code, Section 1343(a)(3) and Title 28, United States Code, Section 1331.

## PARTIES

1.   Plaintiff John J. O'Brien is an individual residing at 45 Cliff Street, Quincy, Massachusetts and is the Commissioner of Probation for the Commonwealth of Massachusetts (hereinafter "Plaintiff") with an office located at One Ashburton Place, Room 405, Boston, Massachusetts 02108.

2.   Defendant R. Peter Anderson is an individual residing in Massachusetts and is the First Justice of the Brighton Division of the Boston Municipal Court Department (hereinafter "Defendant Anderson"). Defendant Anderson is employed by the Defendant Trial Court of Massachusetts.

3.   Defendant Trial Court of Massachusetts is a governmental entity with an administrative office located at 2 Center Plaza, Suite 540, Boston, Massachusetts 02108, (hereinafter "Defendant Trial Court") and is the employer of Defendant Anderson.

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED 2
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 6-16-04

## FACTS

4.      At all relevant times pertaining to the subject matter hereof, Judge Barbara Dortch-Okara was employed as the Chief Justice for Administration and Management (hereinafter "CJAM") of the Defendant Trial Court.

5.      On November 27, 2001, Dortch-Okara, as CJAM, issued Fiscal Year 2002 Memo #6 to, among others, Defendant Anderson and Plaintiff, a copy of which memo is attached as Exhibit "A".

6.      In this Fiscal Year 2002 Memo #6, the CJAM informed Defendant Anderson and Plaintiff that reductions in funding required immediate cost-savings measures, which included drug testing of criminal defendants.

7.      In an effort to comply with the fiscal memo referenced in paragraph 5 above, the Office of the Commissioner of Probation issued a Memorandum dated December 11, 2001, to Chief Probation Officers and Probation Officers-In-Charge modifying the protocol regarding the frequency and duration of drug testing at Community Corrections Centers (a copy of this Memorandum is attached hereto as Exhibit "B").

8.      By letter dated January 23, 2002, Dortch-Okara, as CJAM, issued the Trial Court Policy for Drug Court Sessions, which provided, under <u>Resources and Funding</u>, that drug court sessions must obtain prior approval before utilizing a funding source outside that particular Court's appropriation for operational expenses. (A copy of the January 23, 2002 letter and Trial Court Policy for Drug Court Sessions is attached as Exhibit "C").

9.      The next day, on January 24, 2002, Defendant Anderson entered an Order (copy attached hereto as Exhibit "D") in the criminal matter of the <u>Commonwealth</u> v. <u>George Anastos</u>, Brighton District Court Docket No. 9808CR1058, as well as three other criminal cases, which ordered the Office of Community Corrections ("OCC") to conduct random drug testing of the criminal defendant that deviated from the protocol established by The Office of Community Corrections.

10.     At a meeting held on January 31, 2002 at the District Court Administrative Offices among Regional Administrative Justice Cornetta, Judge Anderson, 2nd Deputy Commissioner Tavares, Deputy Commissioner Wall and Deputy Director Pat Horne, Defendant Anderson was advised of the established protocol and the lack of fiscal capability to continue the particular testing ordered. Potential alternatives were rejected by Defendant Anderson, who stated he would simply hold the Plaintiff in contempt.

11. By a Notice of Hearing dated March 5, 2002 (copy of the Notice of Hearing is attached as Exhibit "E"), Defendant Anderson ordered Plaintiff or his authorized representative to appear at the Brighton District Court on May 12, 2002, to respond to the OCC's failure to comply with the Order(s) referenced in the preceding paragraph.

12. By letter dated March 8, 2002, Anthony C. Sicuso, legal counsel to the Office of Commissioner of Probation, notified the CJAM of the Notice of Hearing referenced in paragraph 10 hereof, and requested legal representation by the Attorney General as well as an administrative resolution to the drug testing issues arising from the Order(s) entered by Defendant Anderson on January 24, 2002 (a copy of Mr. Sicuso's letter of March 8, 2002, is attached hereto as Exhibit "F").

13. At the hearing on March 12, 2002, before Defendant Anderson at the Brighton District Court, the Plaintiff's legal representative informed the Court that the Order(s) could not be complied with for fiscal reasons and urged an administrative resolution.

14. By Order entered on March 13, 2002, Defendant Anderson ordered Plaintiff to appear before the Brighton District Court on March 19, 2002, to show cause why he should not be held in civil contempt for failing to comply with the Orders (a copy of the Summons for Civil Contempt Hearing to John J. O'Brien is attached hereto as Exhibit "G").

15. By letter dated March 12, 2002, Plaintiff notified Dortch-Okara, as CJAM, of the contempt hearing scheduled by Defendant Anderson for March 19, 2002, and requested an administrative resolution to the drug testing issues (a copy of the referenced letter is attached hereto as Exhibit "H").

16. By letter dated March 13, 2002, Anthony Sicuso, legal counsel to the Office of the Commissioner of Probation, notified General Counsel of the Administrative Office of the Trial Court, of the Summons for Civil Contempt Hearing and renewed the request for administrative action by the CJAM (a copy of the referenced letter is attached hereto as Exhibit "I").

17. By letter dated March 15, 2002, Dortch-Okara, as CJAM, informed Plaintiff that "the issue of how and when the resources of one part of the Trial Court may be accessed by other parts of the Trial Court is one that must be resolved by the CJAM pursuant to her power of general superintendence of the administration of the Trial Court, pursuant to G.L. c. 211B, § 9." Dortch-Okara, as CJAM, directed Plaintiff to submit any particular issue between a Trial Court

judge and the Office of the Commissioner of Probation concerning the provision of drug testing services to her for administrative resolution. (A copy of the referenced letter is attached hereto as Exhibit "J").

18. By letter dated March 18, 2002, Dortch-Okara, as CJAM, directed the Plaintiff to enforce compliance by the Office of Community Corrections with the orders entered by Defendant Anderson, or devise or implement some substitute testing plan acceptable to the Brighton District Court Drug Session (a copy of this referenced letter is attached hereto as Exhibit "K").

19. In compliance with the directive contained in the CJAM's letter referenced in the preceding paragraph, on March 19, 2002, the Office of the Commissioner of Probation submitted a Statement of Compliance with Court Orders; a Motion to Accept Alternate Drug Testing Plan; a Motion to Continue Contempt Proceeding; a Motion to Dismiss Contempt Proceedings, and a Memorandum of Law in support thereof (copies of which are attached hereto as Exhibit "L") to the General Counsel of the Administrative Office of the Trial Court (who, in turn, filed same with Defendant Anderson of the Brighton District Court). Based on this filing, Defendant Anderson ordered a continuance of the Civil Contempt Hearing until April 12, 2002.

20. By memorandum dated March 29, 2002, Second Deputy Commissioner of Probation, Elizabeth Tavares, notified the Chief Probation Officer of the Brighton District Court, with a copy to Defendant Anderson that, effective April 1, 2002, the Suffolk County Community Corrections Center would be unable to provide drug testing for the probationers, including those subject to Defendant Anderson's Orders, due to a lack of funds. (A copy of the referenced memorandum dated March 29, 2002 is attached hereto as Exhibit "M").

21. Effective April 1, 2002, the Suffolk County Sheriff's Department terminated the contract with the private vendor who had provided the type of testing required by Defendant Anderson at the Suffolk County Office of Community Corrections.

22. Therefore, as of April 1, 2002, the Suffolk County Community Corrections Center was unable to provide the drug testing ordered by Defendant Anderson.

23. Until the end of March, the Orders of Defendant Anderson were complied with through testing by the required method at the Office of Community Corrections.

24. On April 1, 2002, the Probation Departments began using so-called Roche Cups for urine testing.

25. At a meeting on April 4, 2002 among the CJAM, Chief Justice Zoll, Regional Administrative Justice Cornetta, Plaintiff and various parties in interest from the Trial Court's Drug Court Sessions and the Office of Community Corrections, an administrative resolution regarding the drug testing was discussed. One of the recommendations resulting from that meeting was that general counsel from the Administrative Office of the Trial Court would appear before Defendant Anderson to advise of the ongoing administrative negotiations and to request a further stay of the contempt proceedings while administrative personnel continued to meet to achieve an administrative remedy to the situation.

26. By notice of hearing entered April 5, 2002, Defendant Anderson scheduled a show cause hearing for April 12, 2002 why Plaintiff should not be held in civil contempt (a copy of this Notice of Hearing is attached hereto as Exhibit "N").

27. By letter dated April 5, 2002, Plaintiff notified the CJAM of a new, additional Order issued by Judge Anderson which deviated from the established protocol for drug testing and indicated that he was submitting the issue to the CJAM pursuant to her directive that such matters required an administrative resolution (a copy of Plaintiff's April 5, 2002 letter is attached hereto as Exhibit "O").

28. On April 9, 2002 General Counsel to the Administrative Office of the Trial Court filed a Motion, in each of the four criminal matters before Defendant Anderson at the Brighton District Court, on behalf of the Defendant Trial Court, to stay the contempt proceedings against Plaintiff for 21 days to permit an administrative resolution (a copy of Motion to Stay is attached hereto as Exhibit "P").

29. At a hearing on April 10, 2002 before Defendant Anderson at the Brighton District Court, Defendant Anderson was once again informed by Plaintiff's legal representative of the lack of funding to perform the particular drug testing as ordered.

30. By Notice of Hearing issued on April 17, 2002, Judge Anderson scheduled a hearing at the Brighton District Court on April 19, 2002, concerning the "apparent harassment of probation officers" and "the failure to provide the customary report on drug test administered at OCC" (a copy of this Notice of Hearing is attached hereto as Exhibit "Q").

31. By letter dated April 18, 2002, First Deputy Commissioner of Probation, John F. Cremens, Jr. submitted to the CJAM the Notice of Hearing issued by Judge Anderson regarding the civil contempt hearing for the Plaintiff re-scheduled for April 19, 2002, indicating that the Notice of Hearing was submitted in compliance with the CJAM's directive to submit such issues to her for administrative resolution (a copy of the referenced letter is attached hereto as Exhibit "R").

32. On April 19, 2002, Plaintiff filed Commissioner of Probation's Response to Notice of Hearing addressing the alleged harassment of probation officers and explaining the fiscal crisis as well as presenting feasible alternatives for drug testing by private vendors (a copy of the Response is attached hereto as Exhibit "S").

33. At the April 19, 2002 hearing, Defendant Anderson was once again informed by Plaintiff's legal representative that the Suffolk County Sheriff Department's contract with the private vendor that provided for batch analyzation testing had been terminated due to lack of funding. Defendant Anderson was once again informed that OCC had no alternative but to utilize Roche Cups in place of the testing by the private vendor, which was no longer available. Alternative drug testing procedures, although eventually employed by the Trial Court, were rejected by Defendant Anderson.

34. At this hearing, Defendant Anderson ordered a hearing to be held on April 25, 2002 to show cause why the Plaintiff should not be held in civil contempt for failure to comply with Defendant Anderson's Orders.

35. At the hearing on April 25, 2002 before Defendant Anderson of the Brighton District Court, Plaintiff, as Commissioner of Probation, presented a plan which restored the prior required method of testing but did not provide for the testing at the Office of Community Corrections, due to inadequate funding (see copy of Commissioner of Probation's Supplemental Response to Notice of Hearing attached hereto as Exhibit "T").

36. At the April 25, 2002 hearing referenced in the preceding paragraph, Defendant Anderson held Plaintiff in civil contempt and ordered him held in civil jail and fined $100.00 per day until such time as the Plaintiff complied with the Orders by testing the probationers in those cases by the method of testing employed at OCC prior to April 1, 2002.

37.  On April 25, 2002, Plaintiff was taken into custody at the Brighton District Court, placed in the criminal dock and subsequently incarcerated in a holding cell.

38.  On May 3, 2002, Plaintiff was once again ordered to and appeared before Defendant Anderson at the Brighton District Court.

39.  The incarceration of Plaintiff, ordered by Defendant on April 25, 2002 was reported in the press.

<u>COUNT I</u>
(Violation of 42 U.S.C. § 1983 v. Anderson)

40.  Plaintiff reports and incorporates by reference the allegations contained in paragraphs 1 through 39 of the Complaint as if separately set forth herein.

41.  Defendant Anderson, acting under the color of state law, has interfered with Plaintiff's rights under the laws and constitution of the United States and/or the Commonwealth of Massachusetts by threats, intimidation and coercion.

42.  Defendant Anderson, acting under the color of state law, deprived Plaintiff of his liberty, a right conferred under the Constitution and laws of the United States.

43.  Defendant Anderson's actions are in violation of 42 U.S.C. § 1983.

44.  As a direct and proximate result of the actions of Defendant Anderson, the Plaintiff suffered damages, including, but not limited to, severe emotional distress, post traumatic distress, pain, suffering, and damage to his reputation.

WHEREFORE, Plaintiff demands Judgment against Defendant Anderson in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage and any other relief this Court deems appropriate.

## COUNT II
### (Violation of M.G.L.A. 12 § 11I v. Anderson)

45. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 44 of the Complaint as if separately set forth herein.

46. Defendant Anderson, acting under the color of state law, has interfered with Plaintiff's rights under the laws and constitution of the United States and/or the Commonwealth of Massachusetts by threats, intimidation and coercion.

47. Defendant Anderson deprived Plaintiff of his liberty, a right secured by the Constitution and Laws of the United States and secured by the Constitution and Laws of the Commonwealth of Massachusetts.

48. Defendant Anderson's actions are in violation of M.G.L.A. 12 § 11I.

49. As a direct and proximate result of the actions of Defendant Anderson, the Plaintiff suffered damages, including, but not limited to, severe emotional distress, post traumatic distress, pain, suffering, and damage to his reputation.

WHEREFORE, Plaintiff demands Judgment against Defendant Anderson in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage and any other relief this Court deems appropriate.

## COUNT III
### (False Imprisonment V. Anderson)

50. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 49 of the Complaint as if separately set forth herein.

51. Defendant Anderson's Order incarcerating Plaintiff constituted an unlawful restraint depriving Plaintiff of his personal liberty.

52. Defendant Anderson's actions placed Plaintiff into the custody of court officers and caused him to be falsely imprisoned in the Brighton District Court holding cell.

53. As a direct and approximate result of this false imprisonment by Defendant Anderson, the Plaintiff suffered damages, including, but not limited to, severe emotional distress, post traumatic stress, pain and suffering and damage to his reputation.

WHEREFORE, Plaintiff demands judgment against defendant Anderson in an amount to be determined at trial with interest, costs, attorney's fees, compensatory damages, punitive damages and any other relief this Court deems appropriate.

## COUNT IV
(Negligent Infliction of Emotional Distress v. Anderson)

54. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 53 of the Complaint as if separately set forth herein.

55. Defendant Anderson's actions in causing Plaintiff to be incarcerated resulted in the negligent infliction of emotional distress resulting in injury to Plaintiff, including severe emotional distress.

56. Defendant Anderson knew or should have known of the likelihood of Plaintiff sustaining physical injury through his incarceration.

57. As a direct and proximate result of Defendant's negligence, Plaintiff suffered damages including but not limited to severe emotional distress, post traumatic stress pain and suffering and damage to his reputation.

WHEREFORE, Plaintiff demands judgment against defendant Anderson in an amount to be determined at trial with interest, costs, attorney's fees, compensatory damages, punitive damages and any other relief this Court deems appropriate.

## COUNT V
(Intentional Infliction of Emotional Distress v. Anderson)

58. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 57 of the Complaint as if separately set forth herein.

59. Defendant Anderson's actions in causing Plaintiff to be incarcerated resulted in the intentional infliction of emotional distress, resulting in injury to Plaintiff including severe emotional distress.

60. Defendant Anderson's misuse of his authority constituted outrageous conduct against the Plaintiff.

61. As a direct and proximate result of Defendant Anderson's intentional infliction of emotional distress, the Plaintiff suffered damages, including but not limited to severe emotional distress, post traumatic stress, pain and suffering and damage to his reputation.

WHEREFORE, Plaintiff demands Judgment against Defendant Anderson in an amount to be determined at trial, with interest, costs, attorney's fees, compensatory damages, punitive damage and any other relief this Court deems appropriate.

## COUNT VI
(M.G.L.A. c. 258 § 10/Negligence v. the Trial Court
of the Commonwealth of Massachusetts)

62. Plaintiff repeats and incorporates by reference the allegations contained in paragraphs 1 through 61 of the Complaint as if separately set forth herein.

63. M.G.L.A. c. 211D § 9 provides, in relevant part, that "the Office of the Chief Administrative Justice shall supervise, establish standards for and monitor ... other appropriate operations of the Trial Court." As such, CJAM Dortch-Okara had a duty to Plaintiff to act administratively to prevent the foreseeable incarceration of Plaintiff.

64. CJAM Dortch-Okara assumed a duty to act administratively by directive to Plaintiff to submit the matters that are the subject matter of this litigation to her for administrative resolution.

65. CJAM Dortch-Okara was negligent in failing to act to prevent the wrongful incarceration of the Plaintiff, which she knew or should have known was a foreseeable consequence of Defendant Anderson's contempt proceeding.

66. The Trial Court of the Commonwealth of Massachusetts is liable for the injury caused by the negligent or wrongful act or omission of CJAM Dortch-Okara as she was acting within the scope of her office.

67. As a direct and proximate result of the negligence of CJAM Dortch-Okara, the Trial Court of the Commonwealth of Massachusetts is liable to the Plaintiff for damages suffered, including, but not limited to, severe emotional distress, post traumatic distress, pain, suffering, and damage to his reputation.

68. By letter dated August 13, 2003, Plaintiff presented his claims, pursuant to G.L. c. 258, § 4, to Attorney General Thomas F. Reilly and the CJAM. The Commonwealth has failed to deny such claim in writing within six (6) months after the day upon which it was presented.

WHEREFORE, Plaintiff demands Judgment against Defendant Trial Court of the Commonwealth of Massachusetts, in an amount to be determined at trial, with interest, costs, attorney fees, compensatory damages, punitive damages, and any other relief this Court deems appropriate.

Plaintiff demands a trial by Jury on all issues so triable.

Respectfully submitted,

JOHN J. O'BRIEN, PLAINTIFF

By his attorney,

_____
Paul K. Flavin, Esquire
BBO # 171145
Flavin & Koslowsky
424 Adams Street
Milton, MA  02186
(617) 698-3000

Dated: June /0, 2004
2003-46P

EXHIBIT LIST

Exhibit "A"   Fiscal Year 2002 Memo #6 from CJAM Dortch-Okara, dated November 27, 2001.

Exhibit "B"   Office of the Commissioner of Probation Memorandum, dated December 11, 2001, to Chief Probation Officers and Probation Officers-In-Charge modifying the protocol regarding the frequency and duration of drug testing at Community Corrections Centers.

Exhibit "C"   Letter dated January 23, 2002, from CJAM Dortch-Okara, issuing the Trial Court Policy for Drug Court Sessions.

Exhibit "D"   Order entered by Judge Anderson, dated January 24, 2002, in the criminal matter of the Commonwealth v. George Anastos, Brighton District Court Docket No. 9808CR1058, as well as three other criminal cases, which ordered the Office of Community Corrections ("OCC") to conduct random drug testing of the criminal defendant that deviated from the protocol established by the Trial Court.

Exhibit "E"   Notice of Hearing dated March 5, 2002 ordering Plaintiff or his authorized representative to appear at the Brighton District Court on May 12, 2002, to respond to the OCC's failure to comply with the Order(s).

Exhibit "F"   Letter of Anthony C. Sicuso, legal counsel to the Office of the Commissioner of Probation, dated March 8, 2002, notifying the CJAM of the Notice of Hearing and requesting legal representation by the Attorney General as well as an administrative resolution to the drug testing issues arising from the Order(s) entered by Defendant Anderson on January 24.

Exhibit "G"   Summons for Civil Contempt Hearing to John J. O'Brien.

Exhibit "H"   Plaintiff's letter dated March 12, 2002 to Dortch-Okara, as CJAM, of the contempt hearing scheduled by Defendant Anderson for March 19, 2002.

Exhibit "I"   March 13, 2002 letter from Anthony Sicuso, legal counsel to the Office of the Commissioner of Probation, to the General Counsel of the Administrative Office of the Trial Court regarding the Summons for Civil Contempt Hearing and renewed the request for administrative action by the CJAM.

Exhibit "J"   March 15, 2002 letter from Dortch-Okara, as CJAM, to the Plaintiff.

Exhibit "K"   March 18, 2002 letter from Dortch-Okara, as CJAM, to the Plaintiff.

Exhibit "L"   March 19, 2002 letter from the Office of the Commissioner of Probation submitting a Statement of Compliance with Court Orders, a Motion to Accept Alternate Drug Testing Plan, a Motion to Continue Contempt Proceeding, a Motion to Dismiss Contempt Proceedings, and a Memorandum of Law in support thereof to the General Counsel of the Administrative Office of the Trial Court.

Exhibit "M"   Memorandum dated March 29, 2002 from Second Deputy Commissioner of Probation, Elizabeth Tavares, to the Chief Probation Officer of the Brighton District Court, with a copy to Defendant Anderson that, effective April 1, 2002, the Suffolk County Community Corrections Center would be unable to provide drug testing for the probationers, including those subject to Defendant Anderson's Orders, due to a lack of funds.

Exhibit "N"   Notice of Hearing dated April 5, 2002, scheduling a show cause hearing before Defendant Anderson as to why Plaintiff should not be held in contempt for April 12, 2002.

Exhibit "O"   April 5, 2002 letter from the Plaintiff notifying the CJAM, Dortch-Okara, of a new additional Order of Judge Anderson which deviated from the established protocol for drug testing and indicating that he was submitting the issue to the CJAM pursuant to her directive that such matters required an administrative resolution.

Exhibit "P"   Motion to Stay dated April 9, 2002, filed by General Counsel to the Administrative Office of the Trial Court, in each of the four criminal matters, to stay the contempt proceeding against Plaintiff for 21 days to permit an administrative resolution.

Exhibit "Q"   Notice of Hearing issued on April 17, 2002 by Defendant Anderson scheduling a hearing for April 19, 2002 regarding "apparent harassment of probation officers" and "the failure to provide customary report on drug test administered at OCC".

Exhibit "R"    April 18, 2002 letter from the First Deputy Commissioner of Probation, John F. Cremens, Jr. to CJAM Dortch-Okara, submitting the Notice of Hearing issued by Judge Anderson regarding the civil contempt hearing for the Plaintiff scheduled for April 25, 2002 and indicating that the Notice of Hearing was submitted in compliance with the CJAM's directive to submit such issues to her for administrative resolution.

Exhibit "S"    Commissioner of Probation's Response to Notice of Hearing, dated April 19, 2002, filed by Plaintiff with Defendant Anderson, addressing the alleged harassment of Probation Officers and explaining the fiscal crisis as well as alternatives for testing.

Exhibit "T"    Commissioner of Probation's Supplemental Response to Notice of Hearing, dated April 25, 2002.

2003-46P

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only) __John J. O'Brien__
   __R. Peter Anderson__

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   - [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
   - [x] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
   - [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
   - [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
   - [ ] V. 150, 152, 153.

   **03-11356 GAO**

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.
   __None__

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [x]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [x]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [x]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [x]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [x]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME __Paul K. Flavin__
ADDRESS __424 Adams Street, Milton, MA 02186__
TELEPHONE NO. __617-698-3000__

(Coversheetlocal.wpd - 10/17/02)

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS
John J. O'Brien

**DEFENDANTS**
R. Peter Anderson
Trial Court of Massachusetts

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Flavin & Koslowsky
424 Adams Street
Milton, MA 02186

Attorneys (If Known)
03-11356 GAO

### II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury—Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 864 SSID Title XVI | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act / ☐ 865 RSI (405(g)) | |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☒ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

### V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.) 42 USC 1983

Plaintiff's civil rights were violated by Defendant R. Peter Anderson employee of the Defendant Trial Court of Massachusetts.

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____
DOCKET NUMBER _____

DATE 6/15/04
SIGNATURE OF ATTORNEY OF RECORD /s/ Paul R. Flavin

FOR OFFICE USE ONLY
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____